UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RESEARCH PLASTICS, INC.,
a foreign Corporation,

       Plaintiff,

v

       Case No. 98-73544
       Honorable Avern Cohn
       Honorable Paul J. Komives

FEDERAL PACKAGING CORP.,
an Ohio Corporation,

       Defendants.

| CARLSON, GASKEY & OLDS P.C. | WARN, HOFFMAN, MILLER & LALONE |
|---|---|
| Theodore W. Olds, III (P42004) | Richard W. Hoffmann (P42352) |
| Thomas M. McGuire (P17432) | Attorneys for Defendant |
| Attorneys for Plaintiff Research Plastics, Inc. | 691 North Squirrel, Ste. 140 |
| 400 W. Maple, Ste. 350 | Auburn Hills, MI  48326 |
| Birmingham, MI  48009 | (248) 364-4300 |
| (248) 988-8360 | |

## MOTION IN LIMINE TO EXCLUDE EVIDENCE OF TOLERANCE AND BRIEF IN SUPPORT

Plaintiff, Research Plastic Corporation ("Research"), asks the Court to exclude evidence that Defendant Federal Packaging Corporation ("Federal") is likely to try and introduce at trial with regard to the tolerances on the rib in its caulking tube.

The reasons supporting this motion are set forth below.

Case No. 98-73544

## **MEMORANDUM IN SUPPORT OF MOTION**

This lawsuit concerns Research's patents on caulking tubes and an air escape rib. The exemplary claim 10 from the U.S. Patent 5,628,433, includes a limitation that the rib occupies less than five percent of the overall cross-sectional area of the tube. Federal's tube includes dimensions of the width and height of the rib and the diameter of the tube. Based upon those intended dimensions, the rib does fall within the claimed five percent cross-sectional area.

As is typically the case in manufacturing, each of these dimensions is also provided with a tolerance. It appears Federal will argue that, hypothetically, if its ribs height and width were at the high end of the tolerance range, and if its tubes diameter were at the low end, that hypothetical rib may slightly exceed the five percent requirement.

Federal has no evidence that the ribs of any actual tubes that it sold exceed the five percent requirement. Moreover, in a deposition on January 13, 2006, Federal's President, Norm Pfeifer, admitted he had no idea whether any of the tubes Federal had manufactured would have come within this alignment of the three tolerances (see attached pps. 17-19).

There is no caselaw that would support allowing Federal to make this argument. Since in the end, there can be no proof that any one tube exceeded the five percent requirement, the introduction of any evidence with regard to this concept would be irrelevant, confusing to the Judge and potentially prejudicial. Certainly, the prejudice would outweigh any possible value. (FRC 403).

Case No. 98-73544

For this reason, Research asks that the Court exclude Federal from introducing any such evidence at trial.

                                                Respectfully submitted,

                                                CARLSON, GASKEY & OLDS, P.C.

By:    /Anthony P. Cho (47209)
           ACho@cgolaw.com
           Theodore W. Olds, III (P42004)
           Thomas M. McGuire (P17432)
           400 West Maple Road, Suite 350
           Birmingham, MI 48009
           248-988-8360

Dated: March 7, 2006

CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
    Richard W. Hoffmann.
    WARN, HOFFMAN, MILLER & LALONE
    Richard W. Hoffmann (P42352)
    Attorneys for Defendant
    691 North Squirrel, Ste. 140
    Auburn Hills, MI  48326
    (248) 364-430

                                        s/Anthony P. Cho
                                        400 W. Maple Road, Suite 350
                                        Birmingham, MI  48009
                                        248-988-8360
                                        ACho@cgolaw.com
                                        47,209

N:\Clients\RESEARCH PLASTICS\FEDERAL\PLD\Motion in Limine to Exclude Evidence of tolerance.doc